# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 07-CV-01651-WYD-KLM

FUSION ENTERTAINMENT, a Colorado partnership, and
830 INC., a Colorado corporation, d/b/a THE SHAG LOUNGE,

       Plaintiffs,

v.

JOSH AGLE, INC.,

       Defendant.

---

## FIRST AMENDED COMPLAINT AND JURY DEMAND

---

Plaintiffs Fusion Entertainment ("Fusion") and 830 Inc., d/b/a The Shag Lounge ("830"), for their Complaint allege as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Fusion is a Colorado partnership with its principal place of business at 1443 Stout Street, Denver, Colorado, 80202.

2. Plaintiff 830 is a Colorado corporation with its principal place of business at 830 Fifteenth Street, Denver, Colorado, 80202.

3. Defendant Josh Agle, Inc. is a California corporation with a place of business at 1821 Lemon Terrace, Santa Ana, California, 92705.

4. Defendant has conducted business in Colorado, purposely availed itself of acting in Colorado, and thus is subject to personal jurisdiction in this District based on Colorado Revised Statutes § 13-1-124.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b).

6. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202, and has jurisdiction over any supplemental state claims based on 28 U.S.C. § 1367.

## **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

7. Fusion is engaged in the business of providing lighting, video and sound for entertainment events, including retail, hospitality, concert, party, trade show and corporate events.

8. 830 is engaged in the business of opening and operating a bar, nightclub and restaurant establishment named "The Shag Lounge."

9. The Shag Lounge is located at 830 Fifteenth Street, Denver, Colorado, 80202.

10. Two of the principals of Fusion, Lance Migliaccio and Stephan Cox, are also principals of 830.

11. 830 began planning to open The Shag Lounge at least as early as June of 2006.

12. 830 is set to open The Shag Lounge to the general public on Friday, August 10, 2007.

13. 830 has expended hundreds of thousands of dollars promoting, advertising, planning, securing real estate for, and constructing The Shag Lounge.

14. Defendant is engaged in the business of selling artwork and other goods decorated with artwork under the name "Shag" (collectively, "Defendant's Goods").

15. On July 31, 2007, counsel for Defendant sent, via facsimile, a letter to Fusion and its principals (the "Defendant's Letter"). A true and accurate copy of the Defendant's Letter is attached to this Complaint as Exhibit 1 and is incorporated herein by reference.

16. Defendant's Letter makes multiple allegations of liability for violations of Defendant's intellectual property rights.

17. Defendant's Letter asserts that Plaintiffs' use of the name "The Shag Lounge" violates the Defendant's rights in the mark SHAG, breaches the Lanham Act's prohibitions on unfair competition under 15 U.S.C. § 1125, constitutes trademark infringement under the Lanham Act, 15 U.S.C. § 1114 and damages Defendant's goodwill and reputation.

18. Defendant's Letter asserts that the mark SHAG is a famous one, thereby entitling it to protections under the Lanham Act's anti-dilution strictures, 15 U.S.C. § 1125(c).

19. Defendant's Letter asserts that the website and other unspecified apparatuses of The Shag Lounge have willfully reproduced, disseminated, and publicly displayed Defendant's copyrighted works in violation of the Defendant's rights under 17 U.S.C. § 106.

20. Defendant's Letter does not identify any United States trademark registrations.

21. Defendant's Letter does not identify any United States copyright registrations, nor does Defendant's letter identify any specific examples of unauthorized reproductions, disseminations, or public displays by Fusion or 830.

22. Defendant's Letter states that Defendant "is prepared to sue ... for your brazen acts of trademark and copyright infringement."

23. Defendant's Letter demands that Fusion "immediately and expressly cease and desist all use of the SHAG mark, artwork and motifs that infringe on [Defendant's] intellectual property rights and desist any and all plans ... for the 'Shag Lounge[,]'" in essence demanding Plaintiffs *not* open the establishment on August 10, 2007.

24. On August 1, 2007, counsel for Plaintiffs sent, via facsimile, a letter to Defendant's counsel (the "Fusion Letter"). A true and accurate copy of the Fusion Letter is attached to this Complaint as Exhibit 2 and is incorporated herein by reference.

25. The Fusion Letter requested that Defendant provide a list of marks, both registered and unregistered (the "Defendant's Marks"), which Defendant alleged to be infringed or otherwise the subject of claims against Fusion under 15 U.S.C. § 1114 and 1125, and that

3

Defendant provide specific examples of marking by Fusion which are alleged to offend Defendant's Marks, and that Defendant provide specific examples of copyrighted works of Defendant and corresponding works of Fusion which were alleged to constitute copyright violations under 17 U.S.C. § 106.

26. The Fusion Letter stated that Fusion would "prefer to resolve this matter without litigation. [Fusion], however, will not cease business operations where it does not have good reason to believe such activities are unlawful or infringe the rights of others. As such, [Fusion] requests the above information to fully evaluate [Defendant's] claims."

27. To date, Defendant has not provided a list of Defendant's Marks, which Defendant alleged to be infringed or otherwise the subject of claims against Fusion under 15 U.S.C. § 1114 and 1125, and Defendant has not provided specific examples of marking by Fusion which are alleged to offend Defendant's Marks, other than the name "The Shag Lounge."

28. On August 3, 2007, counsel for Defendant placed a phone call to counsel for Fusion and 830 (the "August 3rd Phone Call").

29. During the August 3rd Phone Call, counsel for Plaintiff again asked for the information previously requested in the Fusion Letter. Counsel for Defendant stated that they believed the information requested by Fusion was contained in the Defendant's Letter.

30. During the August 3rd Phone Call, counsel for Fusion asked counsel for Defendant if the trademark Defendant was concerned about was U.S. Trademark Application serial number 78715836 (the "SHAG Trademark Application"), the one trademark application found on the Trademark Electronic Search System ("TESS") owned by Josh Agle, Inc; counsel for Defendant agreed that the Trademark Application was the trademark at issue in this dispute.

31. On information and belief, the SHAG Trademark Application is the only trademark application or registration owned by Josh Agle, Inc.

32.     On information and belief, The SHAG Trademark Application has not registered as a principal register trademark, and the USPTO has suspended prosecution of the SHAG Trademark Application. A true and accurate copy of the TARR file on the Trademark Application from the U.S. Patent and Trademark Office is contained in Exhibit 3 and is incorporated herein by reference.

33.     During the August 3rd Phone Call, counsel for Defendant told counsel for Fusion and 830 that Defendant would provide the information relating to copyright issues requested in the Fusion Letter.

34.     During the Phone Call, counsel for Defendant told counsel for Fusion and 830 that Defendant understood The Shag Lounge was to open on August 10, 2007 and that Defendant "need[ed] that not to happen."

35.     During the Phone Call, counsel for Defendant told counsel for Fusion and 830 that Defendant needed assurances that the opening of The Shag Lounge would not occur and that Defendant would file for a preliminary injunction if need be.

36.     Approximately 30 minutes after the Phone Call, counsel for Fusion and 830 received an e-mail from counsel for Defendant (the "Defendant's August 3rd E-mail"). A true and accurate copy of the Defendant's E-mail is attached to the Complaint as Exhibit 4 and is incorporated herein by reference.

37.     Defendant's August 3rd E-mail states that the details requested in the Fusion Letter "were already addressed in our initial cease and desist letter dated July 31, 2007 or are already in your client's possession."

38.     The Defendant's August 3rd E-mail states that the opening of The Shag Lounge "is unacceptable to [Defendant], who take the protection of his intellectual property rights very seriously. As such, we need your client to commit by [August 6, 2007] that it will cease and desist all infringing operations immediately to obviate the need for litigation."

39. On information and belief, Fusion and 830 are not aware of any trademark infringement occurring on its behalf, and are therefore prepared to proceed with the opening of The Shag Lounge to the general public on August 10, 2007.

40. On information and belief, as of August 3, 2007, Fusion and 830 had removed any works that potentially may infringe any of Plaintiff's alleged copyrights.

41. On information and belief, Defendant has threatened litigation three times against Plaintiffs, and has further threatened to request a preliminary injunction to block The Shag Lounge from proceeding toward opening to the general public on August 10, 2007.

42. Over the course of this dispute, Defendant's claims and threats of litigation have created an ongoing threat to 830's right to open and conduct business as The Shag Lounge. Consequently, an actual dispute exists between the parties warranting intervention by this Court.

**FIRST CLAIM FOR RELIEF**
**Declaratory Relief - Non-infringement of Trademark**
**Under 15 U.S.C. § 1114, *et. seq.***

43. Plaintiffs incorporate herein by reference each and every allegation in the preceding paragraphs.

44. In light of Defendant's claim of infringement of Defendant's Marks and Defendant's threat to seek a preliminary injunction, Plaintiffs have a reasonable apprehension that Defendant intends to file suit against Plaintiffs for alleged trademark infringement under 15 U.S.C. § 1114. Plaintiffs deny any and all claims of liability for such alleged violations of Defendant's trademark rights.

45. Plaintiffs have not engaged in any acts whereby it used Defendant's Marks in a manner likely to cause confusion or mistake, or to deceive the consuming public as to the source or origin of its goods.

46. An actual, justiciable controversy exists between the parties with respect to the alleged liability of Plaintiffs under 15 U.S.C. § 1114.

47.     A judicial declaration pursuant to §§ 2201 and 2202 of Title 28 of the United States Code is necessary and appropriate at this time so that Plaintiffs may ascertain, with certainty, their rights and duties with respect to The Shag Lounge.

## SECOND CLAIM FOR RELIEF
### Declaratory Relief - No Unfair Competition
### Under 15 U.S.C. § 1125, *et. seq.*

48.     Plaintiffs incorporate herein by reference each and every allegation in the preceding paragraphs.

49.     In light of Defendant's claim of infringement of Defendant's Marks and Defendant's threat to seek a preliminary injunction, Plaintiffs have a reasonable apprehension that Defendant intends to file suit against Plaintiffs for alleged unfair competition under 15 U.S.C. § 1125. Plaintiffs deny any and all claims of liability for such alleged violations of Defendant's trademark rights.

50.     Plaintiffs have not engaged in any acts whereby it used Defendant's Marks in a manner likely to cause confusion or mistake, or to deceive the consuming public as to the source or origin of its goods.

51.     An actual, justiciable controversy exists between the parties with respect to the alleged liability of Plaintiffs under 15 U.S.C. § 1125.

52.     A judicial declaration pursuant to §§ 2201 and 2202 of Title 28 of the United States Code is necessary and appropriate at this time so that Plaintiffs may ascertain, with certainty, their rights and duties with respect to The Shag Lounge.

## THIRD CLAIM FOR RELIEF
### Declaratory Relief - No Trademark Dilution
### Under 15 U.S.C. § 1125(c)

53.     Plaintiffs incorporate herein by reference each and every allegation in the preceding paragraphs.

54.     In light of Defendant's claim of dilution of Defendant's Marks and Defendant's threat to seek a preliminary injunction, Plaintiffs have a reasonable apprehension that Defendant intends to file suit against Plaintiffs for alleged trademark dilution under 15 U.S.C. § 1125(c). Plaintiffs deny any and all claims of liability for such alleged violations of Defendant's trademark rights.

55.     On information and belief, Defendant's Marks are neither famous nor distinctive.

56.     Plaintiffs' use of "The Shag Lounge" mark has not diluted the Defendant's Marks, or otherwise affected the capability of Defendant's Marks to serve as a distinctive identifier of Defendant's Goods.

57.     Plaintiffs' use of "The Shag Lounge" mark has not tarnished the image of Defendant's Marks; nor is Plaintiffs' use of "The Shag Lounge" mark likely to injure the reputation of Defendant's Marks.

58.     On information and belief, Plaintiffs' use of "The Shag Lounge" mark has not caused actual economic harm to the selling power and economic value of Defendant's Marks.

59.     An actual, justiciable controversy exists between the parties with respect to the alleged liability of Plaintiffs under 15 U.S.C. § 1125(c).

60.     A judicial declaration pursuant to §§ 2201 and 2202 of Title 28 of the United States Code is necessary and appropriate at this time so that Plaintiffs may ascertain, with certainty, their rights and duties with respect to The Shag Lounge.

### FOURTH CLAIM FOR RELIEF
**Declaratory Relief - Damages**
**Under 15 U.S.C. § 1114, *et. seq.***

61.     Plaintiffs incorporate herein by reference each and every allegation in the preceding paragraphs.

62.     In light of Defendant's claim of infringement of its alleged marks and Defendant's threat to seek a preliminary injunction, Plaintiffs have a reasonable apprehension

that Defendant intends to request damages and/or royalties against Plaintiffs for alleged trademark infringement, alleged unfair competition, and alleged dilution. Plaintiffs deny any and all claims of liability for such alleged acts, and any and all claims for damages resulting from such alleged acts.

63. Plaintiffs have not engaged in any use of Defendant's Marks which would warrant monetary compensation of any kind under the Lanham Act, 15 U.S.C. § 1114, *et. seq.*

64. On information and belief, Defendant has not sustained any actual damages as a result of any use by Plaintiffs of "The Shag Lounge" mark.

65. An actual, justiciable controversy exists between the parties with respect to the alleged liability of Plaintiffs for damages under 15 U.S.C. § 1114, *et. seq.*

66. A judicial declaration pursuant to §§ 2201 and 2202 of Title 28 of the United States Code is necessary and appropriate at this time so that Plaintiffs may ascertain, with certainty, their rights and duties with respect to The Shag Lounge.

## FIFTH CLAIM FOR RELIEF
### Declaratory Relief - Non-Infringement of Copyright
### Under 17 U.S.C. § 501, *et. seq.*

67. Plaintiffs incorporate herein by reference each and every allegation in the preceding paragraphs.

68. In light of Defendant's claim of infringement of Defendant's copyrighted works, Plaintiffs have a reasonable apprehension that Defendant intends to file suit against Plaintiffs for alleged copyright infringement under 17 U.S.C. § 501. Plaintiffs deny any and all claims of liability for such alleged violations of Defendant's copyrights to the extent such claims assert continuing copyright infringement after August 3, 2007.

69. An actual, justiciable controversy exists between the parties with respect to the alleged liability of Plaintiffs under 17 U.S.C. § 501.

70. A judicial declaration pursuant to §§ 2201 and 2202 of Title 28 of the United States Code is necessary and appropriate at this time so that Plaintiffs may ascertain, with certainty, their rights and duties with respect to any works the Defendant assert infringe Defendant's copyrights.

71. A judicial declaration pursuant to §§ 2201 and §§ 2202 of Title 28 of the United States Code that Defendant is not entitled to any injunctive relief based on alleged copyright infringement.

**SIXTH CLAIM FOR RELIEF**
**Declaratory Relief - Damages**
**Under 17 U.S.C. § 501,** *et. seq.*

72. Plaintiffs incorporate herein by reference each and every allegation in the preceding paragraphs.

73. In light of Defendant's claim of infringement of Defendant's copyrighted works, Plaintiffs have a reasonable apprehension that Defendant intends to request damages and/or royalties against Plaintiffs for alleged copyright infringement. Plaintiffs deny any and all claims for damages resulting from such alleged acts.

74. Plaintiffs have not engaged in any copying of the Defendant's copyrighted works which would warrant monetary compensation of any kind under 17 U.S.C. § 501, *et. seq.*

75. On information and belief, Defendant has not sustained any actual damages as a result of any alleged copying by Plaintiffs of Defendant's copyrighted works.

76. An actual, justiciable controversy exists between the parties with respect to the alleged liability of Plaintiffs for damages under 17 U.S.C. § 501, *et. seq.*

77. A judicial declaration pursuant to §§ 2201 and 2202 of Title 28 of the United States Code is necessary and appropriate at this time so that Plaintiffs may ascertain, with certainty, their rights and duties with respect to any works the Defendant assert infringe Defendant's copyrights.

**WHEREFORE**, Plaintiffs pray for declaratory relief and judgment against Defendant as follows:

a)   A judgment stating that Plaintiffs' use of "The Shag Lounge" does not constitute trademark infringement of any of the Defendants' alleged trademark rights under 15 U.S.C. § 1114, *et. seq.*

b)   A judgment stating that Plaintiffs' use of "The Shag Lounge" mark does not constitute a business practice which unfairly competes with or otherwise injures Defendant or its business under 15 U.S.C. § 1125, Colorado state law, California state law or Common Law;

c)   A judgment stating that Plaintiffs' use of "The Shag Lounge" mark does not constitute trademark dilution under 15 U.S.C. § 1125(c);

d)   A judgment stating that Defendant's Marks are not "famous" for the purposes of 15 U.S.C. § 1125(c);

e)   A judgment stating that Defendant's Marks are not "distinctive" for the purpose of 14 U.S.C. § 1125(c);

f)   A judgment that Defendant is not entitled to monetary compensation under the Lanham Act for Plaintiffs' use of "The Shag Lounge" mark;

g)   A judgment that Defendant is not entitled to monetary compensation under the Copyright Act for Plaintiffs' alleged copying of Defendant's copyrighted works;

h)   Plaintiffs' attorney's fees and costs in the action; and

i)   Such other and further relief as the Court may deem proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

DATED: August 8, 2007

Respectfully submitted,

TOWNSEND AND TOWNSEND AND CREW LLP

By: _____s/ Kenneth S. Chang_____
Ian L. Saffer
Kenneth S. Chang
1200 Seventeenth Street, Suite 2700
Denver, Colorado 80202
Telephone: 303.571.4000
Facsimile: 303.571.4321
ilsaffer@townsend.com
kschang@townsend.com

ATTORNEYS FOR PLAINTIFFS
FUSION ENTERTAINMENT AND
830 INC, d/b/a THE SHAG LOUNGE

Plaintiffs' Addresses:

Fusion Entertainment
1443 Stout Street
Denver, Colorado, 80202

830 Inc, d/b/a The Shag Lounge
830 Fifteenth Street
Denver, Colorado, 80202

61118712 v1