IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01651-WYD-KLM

FUSION ENTERTAINMENT, a Colorado partnership, and
830 INC., a Colorado corporation,
d/b/a THE SHAG LOUNGE,

    Plaintiff(s),

v.

JOSH AGLE, INC.,

    Defendant(s).
_____

# MINUTE ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's Motion to Compel Discovery Responses [Docket No. 31; Filed October 31, 2007] ("Motion to Compel"); and Defendant's Motion for Protective Order [Docket No. 33; Filed November 1, 2007] ("Motion to Stay").[1] Defendant filed a response to the Motion to Compel on December 4, 2007 [Docket No. 45]. Plaintiff filed a response to the Motion to Stay on December 5, 2007 [Docket No. 46], and Defendant filed a reply on December 17, 2007 [Docket No. 47].[2]

---

[1] The relief sought by Defendant via its Motion for Protective Order is that the Court issue a stay of the proceedings until Defendant's pending Motion to Dismiss for lack of personal jurisdiction [Docket No. 8; Filed August 31, 2007] is resolved.

[2] Plaintiff notes that Defendant's Motion to Stay is Defendant's *de facto* response to the Motion to Compel. Indeed, Defendant argues against the need for an Order compelling its discovery responses in its Motion to Stay. Likewise, Plaintiff's response to Defendant's Motion to Stay contains argument in support of their Motion to Compel. The Court considers all of the arguments submitted by the parties in their relevant pleadings in resolution of both motions.

IT IS HEREBY **ORDERED** that the Motion to Compel is **DENIED as moot**. In its response to the Motion to Compel, counsel for Defendant certified to the Court that it complied with the discovery requests at issue in their entirety. The Court accepts the representation of counsel for the Defendant as an officer of the Court.[3] Plaintiff noted in its response to the Motion to Stay that while it was in receipt of the Defendant's discovery responses, it had not reviewed such responses and therefore asked the Court to rule on the merits of the Motion to Compel. Any later disputes Plaintiff may have about Defendant's discovery responses are not properly the subject of the pending motion.[4]

IT IS FURTHER **ORDERED** that the Motion to Stay is **GRANTED** for the reasons set forth below.

Although a stay of discovery is generally disfavored, the Court has broad discretion to stay an action while a Motion to Dismiss is pending pursuant to Fed. R. Civ. P. 26 (c). *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). Indeed, "a court may decide that in a particular

---

[3] Although Defendant provided discovery responses pursuant to Plaintiff's Motion to Compel, Defendant suggests in its response that Plaintiff must first seek leave of the Court to conduct discovery. The Court notes that a Scheduling Conference was held in this case and a Scheduling Order was entered setting forth various deadlines, including those relating to discovery. As such, Defendant's assertion has no merit, and the Court summarily rejects it.

[4] In its Motion to Stay, Defendant takes issue with the level of conference in which Plaintiff engaged before filing the Motion to Compel. However, the Court notes that Plaintiff satisfied the obligations of D.C. L. Civ. R. 7.1A and Fed. R. Civ. P. 37(a)(1). While the Court would have preferred Plaintiff to give Defendant the chance to resolve the dispute without Court intervention as discussed between the parties in their email chain [Docket No. 31-11], Plaintiff is not required to delay in moving to compel when Defendant continues to object after the initial conference.

case it would be wise to stay discovery on the merits until challenges to jurisdiction have been resolved." 8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a stay is appropriate here. *String Cheese Incident,* 2006 WL 894955, at *2. The Court first balances Plaintiff's desire to proceed expeditiously with its case against the burden on Defendant of going forward. *Id.* Defendant has filed a Motion to Dismiss for lack of personal jurisdiction and forum non conveniens, which is pending before the District Court. Defendant has done more than offer conclusory assertions that jurisdiction is lacking – it has filed a Motion to Dismiss supported by legal analysis.[5] In such a circumstance, until jurisdiction can be established, the Court determines that the burden on Defendant of going forward with discovery outweighs the desire of Plaintiff to have its case proceed expeditiously. *See generally id.* (finding "that subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to

---

[5] The Court takes no position as to whether Defendant's Motion to Dismiss should be granted (particularly here where the Motion has not been referred to the Magistrate Judge), but merely notes that it appears that the Motion is based upon more than idle speculation. *Cf. Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (C.D. Cal. 1990) (refusing to issue stay based on mere allegation that Defendant would be filing a dispositive motion raising unsupported jurisdictional issues).

3

undue burden and expense, particularly if the motion to dismiss is later granted").

Courts "have routinely stayed discovery on the merits altogether while challenges to jurisdiction are pending." *Orchid Bioscis., Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 675 (S.D. Cal. 2001); *see Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding stay permissible pending ruling on dispositive motion involving jurisdictional issue); *Enplaner, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (same); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2-5 (D.D.C. 2001) (same); *see also Daniel J. Hartwig Assocs., Inc. v. Kanner*, 913 F.2d 1213, 1223 (7th Cir. 1990) (noting that it is a proper course of action to request a stay of discovery while a dispositive motion on a jurisdictional issue is pending). While limited discovery may be contemplated during a stay, "allowing discovery which extends beyond jurisdictional issues at this juncture would place a burden upon Defendant which far exceeds any benefit Plaintiff would derive." *Orchid*, 198 F.R.D. at 675. In this case, neither party argues that discovery is necessary to resolve the jurisdictional issue. In fact, the Court notes that the Motion to Dismiss has been fully briefed and is ripe for a decision without the benefit, or the apparent necessity, of discovery. *See, e.g.*, *Chavous*, 201 F.R.D. at 3-4 (noting that where Plaintiff has not demonstrated the need for discovery on the dispositive issue, an outright stay is warranted). In such a situation, limited discovery on the jurisdictional issue would appear to serve no purpose. Further, while case deadlines have been established here, those deadlines may be amended in the future for good cause, if necessary.

The Court also considers its own convenience, the interest of nonparties, and the public interest in general. None of these factors prompt the Court to reach a different

4

result. In fact, the Court notes that neither its nor the parties' time is well-served by being involved in the "struggle over the substance of suit" when, as here, a dispositive motion involving jurisdiction is pending. *Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC*, No. 07-7047, 2007 WL 4165397 at *2 (D.C. Cir. Nov. 27, 2007) (unpublished opinion) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation); *see Chavous*, 201 F.R.D. at 2 ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" (citations omitted)). Likewise, the imposition of a stay pending the decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for discovery." *Chavous*, 201 F.R.D. at 5. Further, this case essentially relates to alleged trademark infringement, and there are no compelling nonparty or public interests triggered by the facts at issue. Accordingly,

IT IS FURTHER **ORDERED** that the case is **STAYED**, including the deadlines set forth in the Scheduling Order, until such time as the District Court rules on Defendant's Motion to Dismiss. Until that time, no further pleadings shall be filed (or discovery undertaken) without leave of Court.

IT IS FURTHER **ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint [Docket No. 43; Filed November 30, 2007] is **DENIED without prejudice** to Plaintiff's right to re-file it, if appropriate, after the District Court rules on the Motion to Dismiss.

Dated: December 19, 2007

BY THE COURT:
 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix