IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  07-cv-01651-WYD-KLM

FUSION ENTERTAINMENT, a Colorado partnership; and
830 INC., a Colorado corporation, d/b/a THE SHAG LOUNGE,

    Plaintiffs,

v.

JOSH AGLE, INC.,

    Defendant.

---

# ORDER

---

    THIS MATTER comes before the Court on Defendant Josh Agle, Inc.'s Motion to

Dismiss for Lack of Personal Jurisdiction or, in the Alternative, for Forum Non

Conveniens (filed August 31, 2007).  For the reasons stated below, Defendant's motion

is granted, and this case is dismissed for lack of personal jurisdiction.

I.    FACTUAL BACKGROUND

    This is a declaratory judgment action by Plaintiffs Fusion Entertainment

["Fusion"] and 830, Inc. ["830"] as to alleged copyright and trademark infringement.

Plaintiffs seek a declaratory judgment that there is no infringement.  Plaintiffs are both

Colorado corporations.  Defendant Josh Agle, Inc. is a California corporation with its

headquarters and sole place of business in Orange County, California.

    The dispute between the parties revolves around the Shag Lounge, a

bar/nightclub/restaurant that was recently opened by Plaintiffs in Denver, Colorado.

Plaintiff 830 is the owner and operator of the Shag Lounge.  Plaintiffs allege that 830 expended hundreds of thousands of dollars promoting, advertising, planning, securing real estate for, and constructing the Shag Lounge.  Fusion, a promotion business, assisted in promoting the Shag Lounge.  Defendant is engaged in the business of selling artwork and other goods decorated under artwork under the name "Shag".  Defendant asserts that it has the copyright to certain art works featured in Plaintiffs' advertising for the Shag Lounge.

On July 31, 2007, ten days before the Shag Lounge was due to open, defense counsel sent a cease and desist letter to Fusion and its principals making multiple allegations of liability for violations of Defendant's intellectual property rights.  The letter erroneously identified Fusion as the owner/operator of the Shag Lounge.

In response, on August 1, 2007, counsel for Plaintiffs sent, via facsimile, a letter to defense counsel requesting that Defendant provide a list of marks, both registered and unregistered, which Defendant alleged to be infringed and examples which supported Defendant's letter.  Further, Plaintiffs' counsel made a phone call to defense counsel on August 3, 2007, asking for this information and Plaintiffs assert that other efforts were made to obtain this information.  Plaintiffs allege that the cease and desist letter did not give enough information about either Defendant's rights or 830's alleged infringement for 830 to evaluate Defendant's demands.  Plaintiffs assert that Defendant has not to date provided this information.  Since Defendant's threats cast a cloud over the Shag Lounge, Plaintiffs filed this suit for declaratory relief on August 6, 2007, four days before the scheduled grand opening of the establishment.

II.    ANALYSIS OF MOTION TO DISMISS

   A.    The Parties' Positions

Defendant asserts that the case should be dismissed for lack of personal jurisdiction because it lacks the minimum contacts with Colorado to confer jurisdiction under either the Colorado long-arm statute or the due process clause.  Defendant argues that Plaintiffs cannot establish general jurisdiction because it has not had continuous or systematic business contacts with Colorado.  Further, it is argued that Plaintiffs cannot establish that Defendant purposely directed its activities at Colorado.

Alternatively, it is argued that even if the Court can exercise jurisdiction, the case should be dismissed under the doctrine of forum non conveniens. The case should be resolved in the United States District Court for the Central District of California.  Defendant argues that there is already a pending suit for copyright and trademark infringement in that district.  Further, Defendant argues that Fusion has a physical presence and ties to that district.  As such, litigating this case in Colorado would pose a substantial burden on Defendant while litigating this case in California would place no burden on either party.  Moreover, this case focuses on the alleged infringement of the intellectual property of Defendant.  That intellectual property was created in California and is held by entities residing in California.  As such, there is a strong public interest in having this case adjudicated in California.  Finally, Defendant argues that this Court should decline to hear the declaratory judgment action.

Plaintiffs respond that Defendant has conducted business in Colorado and purposely availed itself of acting in Colorado.  Thus, Plaintiffs assert that personal

jurisdiction is appropriate.  First, Plaintiffs assert that Defendant or its agents (including

Josh Agle individually) have by their own indications physically appeared in Colorado,

sold goods in Colorado, and enjoyed the benefits of conducting commerce in Colorado.

It is argued that this easily meets the relatively low "minimum contacts" standard for the

exercise of personal jurisdiction.  Second, it is argued that as a matter of simple logic,

Defendant cannot simultaneously have the common law trademark rights that it claims

to have in Colorado and not be subject to personal jurisdiction in Colorado.  By

definition, a party cannot have common law trademark rights in a jurisdiction unless it

sells goods or services in that jurisdiction.

Plaintiffs also argue that Defendant's motion should be denied based on the

doctrine of forum non conveniens.  This is the first filed case.  Only after 830 filed this

case did Defendant filed a virtually identical case in the Central District of California.

Further, Fusion and 830 both are based in Colorado, and neither has a place of

business in California.  Neither Plaintiff has ever done business in California.  All

alleged acts of infringement occurred in Colorado.  Finally, the vast majority of relevant

witnesses and evidence is located in Colorado.

      B.    Personal Jurisdiction Analysis

The plaintiff bears the burden of establishing personal jurisdiction, although at

the preliminary stages of the litigation this burden is light.  *Intercon, Inc. v. Bell Atlantic*

*Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000).  "Where . . . there has

been no evidentiary hearing, and the motion to dismiss for lack of jurisdiction is decided

on the basis of affidavits and other written material, the plaintiff need only make a prima

facie showing that jurisdiction exists." *Id.* "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits." *Id.* "If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Id.* However, only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true." *Id.*

The Court must engage in a two-step analysis in determining whether the exercise of personal jurisdiction is appropriate. *Wenz v. Memery Crystal,* 55 F.3d 1503, 1507 (10th Cir. 1995). The Court "must initially determine whether the exercise of jurisdiction is sanctioned by the Colorado long-arm statute, which is a question of state law, . . . and then determine whether the exercise of jurisdiction comports with the due process requirements of the Constitution." *Id.* at 1506-07. Because Colorado's long-arm statute has been construed by the Colorado Supreme Court as allowing personal jurisdiction to the full extent permitted under federal law, *Safari Outfitters, Inc. v. Superior Ct.*, 448 P.2d 783, 784 (Colo.1968), "[the court's] analysis collapses into a single inquiry, whether the exercise of personal jurisdiction over [the defendant] comports with due process." *Nat. Business Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1253 (D. Colo. 2000), *aff'd*, 16 Fed. Appx. 959 (10th Cir. 2001).

"[D]ue process requires only that ... [the defendant] have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Trierweiler v. Croxton and*

*Trench Holding Corp.*, 90 F.3d 1523, 1532 (10th Cir. 1996) (quotation omitted). Critical to the due process analysis "'is that the defendant's conduct and connection with the forum State are such that [it] should reasonably anticipate being haled into court there.'" *Id.* (quotations omitted). The reasonable anticipation requirement is satisfied if the defendant has engaged in "some act by which [it] purposefully avails itself of the privilege of conducting activities with the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

The "minimum contacts" requirement of due process may be met in two ways, through showing the existence of either specific jurisdiction or general jurisdiction. *Trierweiler*, 90 F.3d at 1532. I find that the exercise of general jurisdiction over Defendant is not appropriate, as I find that Plaintiffs have not shown that Defendant has "'continuous and systematic general business contacts' with the forum state." *TH Agriculture & Nutrition, LLC v. Ace European Group Ltd.*, 488 F.3d 1282, 1287 (10th Cir. 2007) (quotation omitted). Thus, I must address whether the exercise of specific personal jurisdiction over Defendant would offend due process. *Id.*

The specific jurisdiction inquiry involves two steps. *Id.* First, the court must "ask whether the nonresident defendant has 'minimum contacts' with the forum state such that 'he should reasonably anticipate being haled into court there.'" *Id.* (quotation omitted). "A defendant may reasonably anticipate being subject to suit in the forum state 'if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Id.* (quotation and internal quotation marks omitted). Second, if the

defendant has sufficient minimum contacts, "we ask whether the court's 'exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice.'" *Id.* (quotation and internal quotation marks omitted). "This question turns on whether the exercise of personal jurisdiction is 'reasonable' under the circumstances of a given case." *Id.* (quotation omitted).

In the case at hand, Plaintiffs rely primarily on the fact that alleged agents of Defendant, including Josh Agle and Josh Agle's brother, had minimum contacts in this state, either through art shows or through web sites. I find that Plaintiffs have also not established specific jurisdiction over Defendant. First, as to the web sites, Plaintiffs have not presented any evidence to refute the finding that Josh Agle, Inc. is not the owner or operator of those web sites, or that it receives any benefit related to same. *See Fairbrother v. American Monument Foundation, LLC*, 340 F. Supp. 2d 1147, 1156-57 (D. Colo. 2004) (finding that jurisdiction did not exist where there was no evidence that defendants deliberately used web sites to conduct commercial  transactions or other activities with residence of Colorado and/or did not conduct any actual business in Colorado as a result of the web site).

As to the agency argument, I find that Plaintiffs have not shown or alleged that Josh Agle's brother is an agent of the Defendant or that his acts in operating a web site are in any way attributable to the Defendant corporation. As to Josh Agle, it is undisputed that he is the sole owner of Josh Agle, Inc. (Decl. of Josh Agle in Support of Josh Agle, Inc.'s Motion to Dismiss) and thus arguably may act as its agent. Plaintiffs have not, however, presented any evidence that Josh Agle's contacts with Colorado,

including his sale of art work to Denver art galleries or his appearance in Colorado related to said art work, have anything to do with Defendant or that they were authorized by Defendant. Accordingly, I find that Josh Agle's contacts with Colorado cannot be equated to the Defendant corporation. *See Pytlik v. Professional Resources, Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989) (rejecting plaintiff's argument that personal jurisdiction was established if corporation derived some benefit from its agents acting within the state where the complaint contained no factual allegations to support a finding that [the corporation] authorized agents to act in the state—"[a]n agent's authority to act cannot be established solely from the agent's actions; the authority must be established by an act of the principal").[1]

To the extent that Plaintiffs argue that Josh Agle, Inc. and Josh Agle are alter egos, they fail to provide any evidence to support this theory. Further, the Complaint does not allege that Josh Agle and Josh Agle, Inc. are alter egos. Accordingly, I find that Plaintiffs may not pierce the corporate veil.

I thus must address whether the acts of Josh Agle, Inc. give rise to specific jurisdiction. I find that they do not. Plaintiffs have not shown that Defendant purposefully availed itself of doing business in Colorado in any manner. It is undisputed that Josh Agle, Inc. is not a participant in any Colorado partnership, corporation or other business entity. *See* Decl. of Josh Agle in Supp. of Josh Agle,

---

[1] The case cited by Plaintiffs, *Wise v. Lindamood*, 89 F. Supp. 2d 1187, 1193 (D. Colo. 1999), does not support their argument. Plaintiffs have not alleged or shown that Josh Agle, Inc. solicits business in this state through a local office or through the actions of Mr. Agle, that Josh Agle, Inc. sent Mr. Agle into this state on a regular basis to solicit business for it, that Josh Agle, Inc. holds itself out as doing business in Colorado, or that the Defendant corporation has done any business in this state.

Inc's Mot. to Dismiss, ¶ 5.  Josh Agle, Inc. has no employees, telephones, branch offices, bank accounts, real property, personal property or advertising interests in Colorado.  *Id.*, ¶ 6.  It is not authorized to, nor does it, conduct business in Colorado.  *Id.*, ¶ 7.  Further, it has never conducted business in Colorado.  *Id.* at ¶ 8.  It possesses no local agent for service of process.  *Id.* at ¶ 10.  Finally, it is not involved (nor has it even been involved) in any litigation in Colorado other than this case.  *Id.* at ¶ 11.

Plaintiffs also cannot establish personal jurisdiction by the simple fact that Defendant has common law trademark or other intellectual property rights in this state.  Courts have held that owning intellectual property rights and sending cease and desist letters into a state in connection with same are not sufficient to establish a basis for personal jurisdiction.  Some additional act of purposeful availment is required of the holder of the intellectual property rights.  *See Dainippon Screed Mfg. Co. v. CFMT, Inc.*, 142 F.3d 1266, 1270-72 (Fed. Cir. 1998); *Akro Corp. v. Luker*, 45 F.3d 1541, 1548-49 (Fed. Cir.), *cert. denied*, 515 U.S. 1122 (1995); *see also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980).

Based on the foregoing, I grant Defendant's motion to dismiss on the basis that this Court lacks personal jurisdiction over Josh Agle, Inc.  Since I find that personal jurisdiction is not proper over the Defendant, I need not address Defendant's other arguments that the case should be dismissed based on the doctrines of forum non conveniens or that the Court should decline to hear the declaratory judgment action.  Accordingly, it is

ORDERED that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction filed August 31, 2007, is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE**.

Dated:  January 11, 2008

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge